Filed 9/24/20  P. v. Simmons CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LEON SIMMONS,<br><br>Defendant and Appellant. | A157812<br><br>(Contra Costa County<br>Super. Ct. No. 5-150202-0) |

"In 2018, the Legislature passed and the Governor signed into law Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), legislation that prospectively amended the mens rea requirements for the offense of murder and restricted the circumstances under which a person can be liable for murder under the felony-murder rule or the natural and probable consequences doctrine.  (Stats. 2018, ch. 1015.)"  (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246 (*Lamoureux*).)  Senate Bill 1437 added Penal Code section 1170.95,[1] which authorizes a defendant previously convicted of felony murder or murder under a natural and probable consequences theory to file a petition seeking vacation of the conviction and resentencing.[2]

---

[1] All undesignated statutory references are to the Penal Code.
[2] Section 1170.95, subdivision (a) provides: "(a) A person convicted of felony murder or murder under a natural and probable consequences theory may

Appellant Robert Leon Simmons (Appellant) was charged with murder following a robbery during which an accomplice was shot and killed. Pursuant to a negotiated disposition, Appellant entered a no contest plea to voluntary manslaughter and a robbery charge and was sentenced to 15 years in prison. In April 2019, following the enactment of Senate Bill 1437, Appellant moved for recall of his sentence under section 1170.95. The trial court denied the petition, concluding section 1170.95 does not apply to defendants convicted of manslaughter. Appellant appealed. He argues he is entitled to resentencing under section 1170.95 because he "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder." We disagree.

Decisions of the California courts of appeal have uniformly concluded that the relief provided by section 1170.95 is limited to defendants convicted of murder. (See, e.g., *People v. Paige* (2020) 51 Cal.App.5th 194 [First District]; *People v. Cervantes* (2020) 44 Cal.App.5th 884 [Second District]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175 [Second District]; *People v. Turner* (2020) 45 Cal.App.5th 428 [Fourth District]; *People v. Sanchez* (2020) 48 Cal.App.5th 914 [Fourth District]; *People v. Flores* (2020) 44 Cal.App.5th 985 [Fourth District].) In

file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:
"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.
"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.
"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

*Paige*, Division Two of this court held that the explicit reference to "murder" in the introductory clause of section 1170.95, subdivision (a) limits qualifying persons to those who have been convicted of murder. (*Paige*, at p. 202; see also *Turner*, at p. 435.) Further, the extensive discussion of the legislative history of Senate Bill 1437 in several decisions confirms that the statute's focus was on targeting the unfairness of the felony murder rule only as it relates to murder convictions. (See, e.g., *Paige*, at p. 202; *Cervantes*, at p. 887; *Turner*, at pp. 436–438.) *Paige* and other decisions also rejected the equal protection claim Appellant presents on appeal. (*Paige*, at pp. 205-206; *Cervantes*, at pp. 888-889; *Sanchez*, at pp. 920-921.)

Based on the plain language of the statute and its legislative history, we follow other decisions of the California courts of appeal in holding that section 1170.95 applies only to defendants convicted of murder, not manslaughter.

DISPOSITION

The trial court's order is affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BURNS, J.

(A157812)

4